UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| | § | Case No. 21-42104-169 |
| **Johnie Frank Adeluola Lipede Jones,** | § | Chapter 7 |
| | § § | |
| Debtor. | § | Re:  Doc. No. 63 |
| | § § | |
| | § | FOR PUBLICATION |

## ORDER STRIKING DURABLE POWER OF ATTORNEY

**I.    BACKGROUND**

On June 1, 2021, a person purporting to be named Johnie Frank Adeluola Lipede Jones (the "Debtor"), filed a petition for bankruptcy relief (the "Original Petition") docketed as case number 21-42104-169 (the "Case") in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division.  Doc. No. 1 at 1.[1]  The Case purported to be filed under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1550 (the "Bankruptcy Code").  Doc. No. 1 at 1.

**A.    THE JULY 11 POWER OF ATTORNEY**

On July 11, 2021, the Debtor filed a document titled "Durable Power of Attorney" (the "July 11 Power of Attorney").  Doc. No. 35.  The July 11 Power of Attorney purports to designate one Rozina Williams ("Ms Williams") as the Debtor's attorney in fact and agent.  Id. at 1.

The July 11 Power of Attorney included as an attachment a Digital Assets Memorandum that contained the Debtor's complete usernames and passwords for multiple online accounts.  Id. As a result of the inclusion of this personally identifiable information in the July 11 Power of

---

[1] References to "Doc. No. ___" in this order are to documents filed with and numbered by this Court on its docket.  This Court references filed documents by their docket numbers to enhance the clarity of this Order and the record.

1

Attorney, and in accord with Federal Rule of Civil Procedure 5.2(a), Federal Rule of Bankruptcy Procedure 9037(a) and Local Rule 9037(A), this Court entered its Order to Strike Durable Power of Attorney (the "Order to Strike") on July 13, 2021. Doc. No. 38. The Order to Strike allotted fourteen days for the Debtor to comply with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"; each a "Bankruptcy Rule") and this Court's Local Rules of Bankruptcy Procedure regarding redaction of the personally identifiable information in the July 11 Power of Attorney. Id. at 2-3. On July 14, 2021, the Debtor filed his Motion to Submit Redacted Version of Durable Power of Attorney, accompanied by an exhibit consisting of certain pages of the July 11 Power of Attorney, but excluding the page of that document that contained the online usernames and passwords. Doc. No. 46.

After further review of the July 11 Power of Attorney and the redacted version of that document, Doc. Nos. 35, 46, this Court entered its Order Regarding Purported Durable Power of Attorney on July 26, 2021. Doc. No. 61. This Court found the July 11 Power of Attorney invalid under applicable Missouri law because it lacked a sufficient acknowledgement by the Debtor as required under Missouri Revised Statute § 404.705.1(3). Id. at 4-6; see MO. REV. STAT. § 404.705.1(3). This Court declined to accept or recognize any authority purportedly granted by or under the July 11 Power of Attorney. Id. at 5-6.

### B.  THE JULY 29 POWER OF ATTORNEY

On July 29, 2021, the Debtor filed a document titled "General Durable Financial Power of Attorney" (the "July 29 Power of Attorney"). Doc. No. 63. The July 29 Power of Attorney purports to designate Ms Williams as the Debtor's agent and fiduciary. Id. at 1.

The July 29 Power of Attorney states that the Debtor delegates powers to his agent. Id. The July 29 Power of Attorney specifically provides that "The Principal must **Initial** in the

2

preceding space to all the powers **(IN BOLD)** if either granted or negated", id. at 1 (emphasis in original), and then lists seventeen categories of powers, each preceded by a blank for initials. Id. at 1-14.  However, no initials appear in any of the blanks prior to the listed categories. Id.

The July 29 Power of Attorney addresses durability near its conclusion, stating

> This power of attorney is governed by the law of the State of Missouri. THIS POWER OF ATTORNEY IS DURABLE This power of attorney does not authorize the Agent to appear in court for the principal as an attorney-at-law or otherwise to engage in the practice of law unless he or she is a licensed attorney who is authorized to practice law in Missouri. [sic]

Id. at 16.  No other language regarding durability appears in the document.

In terms of effectiveness, the July 29 Power of Attorney states:

> This Durable Power of Attorney has been given Verbally in the Year 2011 when i first came to live with by daughter Rozina Jones Williams, and This General Power of Attorney Shall make her my Attorney-n-Fact starting from the time I came to live with her in January 01,2011 . . . [sic]

Id. at 14.  The July 29 Power of Attorney also purports to have an effective date of January 1, 2011 and states:

> This Power of Attorney has begun prior to my signing, verbally.  I have granted my daughter Rozina Jones Williams, the Fiduciary responsibility when I came to live with her in January 01, 2011, so her operating as my Agent and Attorney-n-fact begin on January 01, 2011 this date.  Although I am signing it before a Notary today July 29, 2021 it has been Effective since January 01, 2011 [sic]

Id. at 15.

The July 29 Power of Attorney purports to bear the Debtor's signature dated July 29, 2021, id. at 16, as well as signatures by Ms Williams as purported agent and Maurice Campbell as witness. Id. at 17.  The notary block on the document states:

> On this 29 day of July, 2021, before me appeared (A) Johnie Frank Jones as Principal of this power of attorney,(B) Rozina Jones Williams,as The Attorney-N-Fact, and Agent(C) Maurice Campbell, as a witness who proved to me through government issued photo identification to be the above named persons, in my presence executed this foregoing instrument and acknowledged that (s)he(or They) executed the same

3

as his/her(or their) own free act and deed. [sic]

Id. at 17. The notation "Signed before me 7-29-2021", the signature of a Lisa D. Wilson (the "Notary") and a notary seal for the Notary follow the notary block. Id.

On July 29, 2021, the Debtor filed a document titled "Motion to Admin And Power of Attorney. And Remove all Documents in Error" [sic] (the "Motion to Withdraw Previous Documents"). Doc. No. 64. The Motion to Withdraw Previous Documents asks this Court to "admit" the July 29 Power of Attorney and to "remove" all other documents the Debtor filed in error in the Case. Id.[2] The Motion to Withdraw Previous Documents does not specify which documents the Debtor seeks to have withdrawn or otherwise removed from the docket. Id. The Motion to Withdraw Previous Documents also appears to seek this Court's direction on how to remedy the deficiencies in the July 11 Power of Attorney that this Court identified in its July 26, 2021 Order Regarding Purported Durable Power of Attorney. Id.; see also Doc. No. 61 (comprising Order Regarding Purported Durable Power of Attorney).

### C. THE ALTERED POWER OF ATTORNEY

On August 13, 2021, the Court received a document titled "Motion to Have General Durable Power of Attorney Entered on Show Cause Hearing". Doc. No. 72. That paper bears Ms Williams' signature and printed name, followed by the legend "UCC1-3008" [sic], but purports to request relief on behalf of both the Debtor and Ms Williams. Id. at 1. The document does not address the July 29 Power of Attorney, other than referencing a power of attorney in its title. Id.

---

[2] This Court's July 2, 2021 Order to Show Cause (the "Show Cause Order") directed the Debtor, as well as Ms Williams, to appear before this Court on July 15, 2021 to testify and show cause regarding issues involving the Original Petition and other documents filed in this Case as set out in that Order. Doc. No. 17 at 7-10. The Show Cause Order remains pending for further proceedings before this Court on August 17, 2021 at 9:00 a.m. and subject to separate Order of this Court.

4

However, Ms Williams submitted an exhibit with that motion that appears to consist of the first seventeen pages of a file-stamped copy of the July 29 Power of Attorney, this time with what purport to be the Debtor's printed initials in the blanks preceding each of the seventeen categories of powers listed in that document (the "<u>Altered Power of Attorney</u>"). <u>Id.</u> at 2-18. Notably, the Altered Power of Attorney does not differ from the first seventeen pages of the July 29 Power of Attorney in title, language, date, execution, or acknowledgement. <u>Id.</u> The only differences from the July 29 Power of Attorney appear to be the addition of those printed initials, this Court's file stamp on the first page of the document, and the deletion of pages eighteen through 20 of the July 29 Power of Attorney, which contained no material language. <u>Id.</u>

**II.      DISCUSSION**

By its title, the July 29 Power of Attorney purports to comprise a durable power of attorney. Doc. No. 63 at 1 (titling document as "General Durable Financial Power of Attorney"). This Court determines the July 29 Power of Attorney's validity under Missouri law. <u>See In re Kjellsen</u>, 53 F.3d 944, 946 (8th Cir. 1995) (evaluating authority of purported attorney in fact under South Dakota power of attorney using that state's law because "state law determines who has the authority to file a bankruptcy petition on behalf of another"); <u>see also In re Matthews</u>, 516 B.R. 99, 103 (Bankr. N.D. Tex. 2014) (determining authority of Texas debtor's purported attorney in fact under durable power of attorney under Texas law); <u>accord Hager v. Gibson</u>, 108 F.3d 35, 39 (4th Cir. 1997) (finding that state law determines ability of agent to act for a debtor to file a bankruptcy petition). Missouri law requires strict construction of powers of attorney. <u>Lucas v. Lucas</u>, 946 F.2d 1318, 1326 (8th Cir. 1991) (citing <u>Mercantile Trust Co., N.A. v. Harper</u>, 622 S.W.2d 345, 350 (Mo. Ct. App. 1981)).

Missouri Revised Statute § 404.705 establishes the method to create a durable power of

5

attorney that remains valid and permits an attorney in fact to act notwithstanding a principal's incapacity under Missouri law. See MO. REV. STAT. § 404.705 (2021). The statute delineates the three primary requirements to create a written durable power of attorney: (1) denomination of the power of attorney as a "Durable Power of Attorney"; (2) inclusion of language substantially in the form set out in the statute regarding the effect of the power of attorney in the event of the principal's disability or incapacity or any uncertainty regarding the principal's death; and (3) execution of the power of attorney by the principal, dated and acknowledged as prescribed under the applicable law regarding real estate transactions. MO. REV. STAT. § 404.705.1 (2021). The statute includes two alternatives for the mandatory language required regarding the effect of a power of attorney in the event of the principal's disability or incapacity:

(a) THIS IS A DURABLE POWER OF ATTORNEY AND THE AUTHORITY OF MY ATTORNEY IN FACT SHALL NOT TERMINATE IF I BECOME DISABLED OR INCAPACITATED OR IN THE EVENT OF LATER UNCERTAINITY AS TO WHETHER I AM DEAD OR ALIVE; or

(b) THIS IS A DURABLE POWER OF ATTORNEY AND THE AUTHORITY OF MY ATTORNEY IN FACT, WHEN EFFECTIVE, SHALL NOT TERMINATE OR BE VOID OR VOIDABLE IF I AM OR BECOME DISABLED OR INCAPACITATED OR THE EVENT OF LATER UNCERTAINTY AS TO WHETHER I AM DEAD OF ALIVE.

MO. REV. STAT. § 404.705.1(2).

Missouri Revised Statute § 442.210 governs the requirements for effective acknowledgement of documents in Missouri real estate transactions. See MO. REV. STAT. § 442.210.1 (2021). Acknowledgements must state the act of acknowledgement by the person signing the document. Id. Acknowledgements also must contain language either that the person subscribing the acknowledgement personally knew the signer or that at least two listed witnesses with disclosed names and addresses proved the signer's identity. Id. The statute provides suggested language for individuals' use for this purpose:

6

1) On this ___ day of __, 20 __, before me personally appeared A B (or A B and C D), to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

MO. REV. STAT. § 442.210.1.

### A.     THE JULY 29 POWER OF ATTORNEY

This Court finds the July 29 Power of Attorney defective because it fails to comply with the requirements of Missouri Revised Statute § 404.705.1. MO. REV. STAT. § 404.705.1(2), (3) (2021). The July 29 Power of Attorney satisfies that statute's first requirement by its denomination as a durable power of attorney. Doc No. 61 at 1. However, the lack of sufficient language regarding the July 29 Power of Attorney's effect if the Debtor becomes disabled or incapacitated and lack of a sufficient acknowledgment render the July 29 Power of Attorney deficient and bar its acceptance as a grant of authority for any party to act on the Debtor's behalf. See MO. REV. STAT. § 404.705.1(2), (3).

While the July 29 Power of Attorney states "THIS POWER OF ATTORNEY IS DURABLE", id. at 16, it fails to contain any language substantially similar to that required by Missouri Revised Statute § 404.705.1(2) regarding the effect of the power of attorney in the event of the principal's disability or incapacity or any uncertainty regarding the principal's death. MO. REV. STAT. § 404.705.1(2)(a), (b). This omission alone invalidates the July 29 Power of Attorney.

The July 29 Power of Attorney also fails to comply with Missouri Revised State § 404.705.1 because it lacks a sufficient acknowledgment. MO. REV. STAT. § 404.705.1(3). While the July 29 Power of Attorney attempts to comply with the acknowledgment requirement by utilizing some of the suggested language provided for individuals' use in Missouri Revised Statute § 442.210.1, the notary block fails clearly to identify who appeared before the Notary and/or presented identification before subscribing the document. See Doc. No. 63 at 17. In particular,

7

the notary block's language obscures whether the Debtor signed the document in the Notary's presence, whether all three individuals described within the notary block—including the Debtor—signed the document and proved their identities to the Notary through government-issued photo identification, or whether something else occurred on July 29, 2021.  Id.  This Court cannot find that the July 29 Power of Attorney contains a sufficient acknowledgement without clarity and certainty as to, at a minimum, whether the Debtor appeared personally before the Notary to sign and/or acknowledge the document and whether the Notary personally knew the Debtor and/or proved his identity via government-issued identification.  See MO. REV. STAT. § 442.210.1.

In addition, the July 29 Power of Attorney purports to grant powers effective before its execution and acknowledgment by stating that

> This Power of Attorney has begun prior to my signing, verbally.  I have granted my daughter Rozina Jones Williams, the Fiduciary responsibility when I came to live with her in January 01, 2011, so her operating as my Agent and Attorney-n-fact begin on January 01, 2011 this date.  Although I am signing it before a Notary today July 29, 2021 it has been Effective since January 01, 2011 [sic]

Doc. No. 63 at 15.  However, satisfaction of Missouri Revised Statute § 404.705.1's requirements to create a valid durable power of attorney only can occur with a written document; absent a writing, signature and acknowledgement cannot occur.  See MO. REV. STAT. § 404.705.1 (stating that durability arises with a "written power of attorney" containing specified language and satisfying certain requirements); 4A JOHN A. BORRON, JR. & DAVID ENGLISH, MO. PRACTICE, PROBATE & SURROGATE LAWS MANUAL § 404.705 (2d ed. 2021) ("A durable power of attorney may only be created in Missouri if it (1) is in writing, . . .").  Thus, even if the July 29 Power of Attorney otherwise satisfied Missouri Revised Statute § 404.705, this Court could not accept that document as authorization for any act by an attorney in fact occurring before the Debtor signed and acknowledged it, which would include preparing, signing, or authorizing the Original Petition

8

or any other paper or pleading purportedly signed by the Debtor before that time.

Moreover, the July 29 Power of Attorney stands deficient under its own term. The July 29 Power of Attorney contains explicit language requiring the principal to initial in bold in the space preceding each power the principal seeks to grant or negate to the attorney in fact. Doc. No. 63 at 1. This presents two problems.

First, the July 29 Power of Attorney renders itself vague and contradictory by requiring initials whether the principal seeks either to grant or to deny an attorney in fact any of the listed powers. This leaves any recipient of the July 29 Power of Attorney unable to determine whether any set of initials indicates the grant or a denial of any or even every power enumerated in that document. See Lucas v. Lucas, 946 F.2d at 1326 (finding ambiguity in power of attorney sufficient to conclude that the document failed to authorize actions); see generally In re Estate of Lambur, 397 S.W.3d 54, 68 (Mo. Ct. App. 2013) ("Those drafting a power of attorney should expressly set forth in writing the actions the attorney-in-fact is authorized to carry out in the power of attorney in accordance with section 404.710 [of the Missouri Revised Statutes].")

Second, and similarly, each space preceding the powers enumerated in the July 29 Power of Attorney remains blank. Id. at 1-15. Not one of the seventeen powers enumerated bears the Debtor's initials or other recognized mark. This results the conclusion that the document provides no powers to any attorney in fact and that Ms Williams lacks authority to take any act based upon the July 29 Power of Attorney, much less any act in the Case. Id.

Thus, this Court finds that absent the mandatory language regarding the effect of the July 29 Power of Attorney in the event of the Debtor's disability or incapacity and the document's requirement that the principal initial next to each power he intends to delegate, the July 29 Power of Attorney does not grant any authority to any attorney in fact described in the document. Id. at

9

1-15; MO. REV. STAT. § 404.705.1(2).

## B. THE ALTERED POWER OF ATTORNEY

The Altered Power of Attorney also fails to grant any authority for Ms Williams to act. As a virtual duplicate of the July 29 Power of Attorney, it contains almost all the same defects. Moreover, the addition of initials to every blank before the paragraphs of the document purporting to grant powers exacerbates the situation.

The inclusion of initials before every paragraph in the Altered Power of Attorney does not fix the ambiguities contained in the July 29 Power of Attorney. The addition of initials still prevents a recipient from determining whether any set of initials indicates a grant or a denial of a power or group of powers because the document states that "The Principal must **Initial** in the preceding space to all the powers **(IN BOLD)** if either granted or negated". Doc. No. 63 at 1. By requiring the same action to grant or deny powers, the document remains ambiguous and ineffective. See Lucas, 946 F.2d at 1326.

In addition, the July 29, 2021 file stamp on and the alterations to the Altered Power of Attorney make it apparent that someone added the initials on that document after its signature, any acknowledgment, and its previous filing with this Court. See Doc. No. 72. Ms Williams' presentation of the Altered Power of Attorney to this Court with her August 13, 2021 Motion to Have General Durable Power of Attorney Entered on Show Cause Hearing implicates Bankruptcy Rule 9011(b); that filing comprises her representation to the best of her knowledge, information and belief that the Altered Power of Attorney is not being presented for any improper purpose. See FED. R. BANKR. P. 9011(b)(1). Her position as the purported attorney in fact under the July 29 Power of Attorney and the Altered Power of Attorney and her presumptive knowledge about the alteration due to her signature on the previous iteration of that document call into question

10

whether the creation of the Altered Power of Attorney occurred in good faith, to create a pretext for her participation in the Case, to allow the Debtor to evade testimony on the Order to Show Cause, or to bring about some other result. However, the defects in the Altered Power of Attorney provide a sufficient basis to reject that document; the alterations to that document remain subject to subsequent action and orders of this Court.

### C. MOTIONS EXECUTED BY MS WILLIAMS ON THE DEBTOR'S BEHALF

Review of this Court's docket shows that Ms Williams executed multiple documents on behalf of the Debtor and as the Debtor's attorney in fact—some with a notation of that status and some without—including a Motion to Amend and Redaction of Power of Attorney [sic], Doc. No. 50, an Answer to Show Cause, Doc. No. 68, and the Motion to Have General Durable Power of Attorney Entered on Show Cause Hearing. Doc. No. 72. Because no valid durable power of attorney for the Debtor appears of record, this Court finds that Ms Williams lacks authority to act as the Debtor's attorney in fact in the Case.

As a final note, this Court observes that Bankruptcy Rule 9010(a) permits an attorney in fact under a valid grant of authority to act for a debtor in a bankruptcy case only so long as the attorney in fact does not engage in the practice of law. FED. R. BANKR. P. 9010(a). The Local Rules of the United States District Court for the Eastern District of Missouri and Missouri statute prohibit an agent or attorney in fact from filing pleadings for another person unless that agent or attorney in fact is an attorney. E.D Mo. L.R.12.01(A) ("Except as otherwise provided in this rule, only attorneys enrolled pursuant to the rules of this Court or duly admitted pro hac vice may file pleadings, appear, or practice in this Court"); MO. REV. STAT. § 484.020.1 (2021) (prohibiting any person from engaging in the practice of law or doing law business as defined in that statute unless that person possesses a law license). Law also prohibits individuals lacking a law license from

11

representing other people in court.  Risbeck v. Bond, 885 S.W.2d 749, 750 (Mo. Ct. App. 1994) (citing Liberty Mut. Ins. Co. v. Jones, 130 S.W.3d 945, 955 (Mo. banc 1939)), cert. den., 514 U.S. 110 (1995); see also In re O'Connor, No. 08-16434, 2009 WL 1616105 at *4 (Bankr. N.D. Ohio Feb. 27, 2009) (finding that even a power of attorney authorizing an attorney in fact to file or pursue a case for a principal cannot authorize the practice of law by a non-attorney).  Thus, as of this writing, no person other than the Debtor can prepare or execute pleadings for him in this Case, appear and testify before this Court on his behalf, or purport to act as his attorney or advocate in any matter pending here; the Debtor must do all these things himself.

### III.    CONCLUSION

For these reasons, this Court **ORDERS** the General Durable Financial Power of Attorney [Doc. No. 63] comprising the July 29 Power of Attorney **STRICKEN**.  This Court will not accept or recognize any authority purportedly granted by or under that document to any person or entity including, without limitation, Rozina Williams to act on behalf of the Debtor, Johnie Frank Adeluola Lipede Jones, also known as Johnie Frank Jones or Johnie F. Jones, before this Court for any purpose.

This Court further **ORDERS** the exhibit to the Motion to Have General Durable Power of Attorney Entered on Show Cause Hearing [Doc. No. 72] comprising the Altered Power of Attorney **STRICKEN**.  This Court will not accept or recognize any authority purportedly granted by or under that document to any person or entity including, without limitation, Rozina Williams to act on behalf of the Debtor, Johnie Frank Adeluola Lipede Jones, also known as Johnie Frank Jones or Johnie F. Jones, before this Court for any purpose.

This Court further **ORDERS** the Motion to Amend and Redaction of Power of Attorney [sic] [Doc. No. 50], the Answer to Show Cause [Doc. No. 68], and the Motion to Have General

12

Durable Power of Attorney Entered on Show Cause Hearing [Doc. No. 72] **STRICKEN**. Ms Williams lacked authority to execute any of these documents on behalf of the Debtor or as his attorney in fact and, as a result, they shall have no legal effect before this Court.

DATED: August 16, 2021                        BONNIE L. CLAIR
St. Louis, Missouri                            United States Bankruptcy Judge
mtc

Copies to:

Johnie Frank Adeluola Lipede Jones
319 Wild Horse Canyon Pl.
Wildwood, MO 63005

Johnie Frank Adeluola Lipede Jones
12590 Sparkling Lake Dr.
Saint Louis, MO 63138

Johnie Frank Jones
319 Wild Horse Canyon Pl.
Wildwood, MO 63005

Johnie Frank Jones
12590 Sparkling Lake Dr.
Saint Louis, MO 63138

Rhonda Rozina Williams
319 Wild Horse Canyon Pl.
Wildwood, MO 63005

Rhonda Rozina Williams
12020 Lavida Ave.
St. Louis, MO 63138

Rhonda Rozina Williams
3117 N. Grand Avenue
St. Louis, MO 63107

Charles W Riske
Attorney at Law
215 Chesterfield Business Parkway
Chesterfield, MO 63005

Office of U.S. Trustee
111 S. Tenth St, Ste 6.353
St. Louis, MO 63102

Joshua Jones/Jane Rund
Office of United States Attorney

**All creditors and parties in interest**